UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMY TURNER

CIVIL ACTION

VERSUS

NUMBER 11-779-BAJ-SCR

DR. MIRACLES, INC., ET AL

### ORDER TO AMEND NOTICE OF REMOVAL

Defendants Dr. Miracles, Inc. and Dr. Miracles, LLC removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. To establish diversity of citizenship, in the Notice of Removal the defendants alleged that the plaintiff is a Louisiana citizen , "Dr. Miracles, Inc., and Dr. Miracles, LLC [] are Delaware companies chartered under the laws of Delaware with their principal place of business in the State of New York," and "Colony Insurance Company is a Virginia Insurance Company, domiciled in the State of Virginia."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of

---

[1] Record document number 1, §§ 6, 7 and 9. The other defendant is Rani Corporation, an Illinois company with its principal place of business in that state. *Id.* § 8.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

every state in which it is incorporated and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Defendants' jurisdictional allegations are not sufficient to establish diversity jurisdiction. First, the defendants did not properly allege the citizenship of Dr. Miracles, LLC. Second, the defendants did not allege the state where Colony Insurance Company has its principal place of business. The court cannot assume that the state where defendant Colony Insurance Company is "domiciled" is the same state where it has its principal places of business.[5]

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

[5] Diversity jurisdiction is based on citizenship, not where the party is domiciled. Furthermore, while the term "domicile" is sometimes used to refer to the state of incorporation, the better practice is to allege the state of which the party is a "citizen"
(continued...)

Case 3:11-cv-00779-BAJ -SCR   Document 5   11/30/11   Page 2 of 3

Therefore;

IT IS ORDERED that removing defendants Dr. Miracles, Inc. and Dr. Miracles, LLC shall have 14 days to file an Amended Notice of Removal which properly allege the citizenship of defendants Dr. Miracles, LLC and Colony Insurance Company.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, November 30, 2011.

_Stephen C. Riedlinger_
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5](...continued)
- the term used in § 1332.