UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AMY TURNER, ET AL. | CIVIL ACTION |
| VERSUS | No. 11-0779, c/w<br>11-0781, 12-0327<br>Ref: ALL CASES |
| DR. MIRACLE'S, INC., ET AL. | JUDGE: JAY C. ZAINEY<br>MAG. JUDGE:<br>JOSEPH C. WILKINSON, JR. |

**ORDER AND REASONS**

Before the Court are the following motions: (1) <u>Re-Urged Motion for Summary Judgment Dismissing All Claims Brought Against Defendants, Dr. Miracles, Inc., and Twin City Fire Insurance Company</u> (Rec. Doc. 132), filed by Defendants Dr. Miracles, Inc.[1] and Twin City Fire Insurance Company in Civil Action No. 11-0781, *Dorothy Wilson v. Dr. Miracles, Inc.*, (hereinafter the "Wilson Case"); and (2) <u>Motion for Summary Judgment Dismissing All Claims Brought Against Defendants, Dr. Miracles, Inc. And Twin City Fire Insurance Company</u> (Rec. Doc. 154), filed by Defendants Dr. Miracles, Inc. and Twin City Fire Insurance Company in Civil Action No. 11-0779, *Amy Turner v. Dr. Miracles, Inc.*, (hereinafter the "Turner Case"). The motion filed in the Wilson Case (Rec. Doc. 132) was set for hearing on February 13, 2013; the motion filed in the Turner Case (Rec. Doc. 154) was set for hearing on March 27, 2013. Both motions are before the Court on the briefs without oral argument. Both motions are opposed by Plaintiffs in their respective cases. For the following reasons,

---

[1] The Court notes that throughout the pleadings "Dr. Miracles, Inc." has been referenced without an apostrophe appearing in its name. Whether this was a repeated typographical error, which it appears to be after a review of corporate filings in the state of Delaware, the Court will continue to refer to "Dr. Miracles, Inc." and "Dr. Miracles" without an apostrophe.

1

both motions are **GRANTED**.

I.       **BACKGROUND**

Plaintiff Amy Turner filed her civil action in the Nineteenth (19th) Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on October 11, 2011. (Rec. Doc. 1, 11-0779) (hereinafter all record references will pertain to Civil Action No. 11-0779 unless otherwise specified). On November 16, 2011, Defendant Dr. Miracles, Inc. ("Dr. Miracles") removed this case to federal court pursuant to 28 U.S.C. § 1332, asserting complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000.00.

Plaintiff Dorothy Wilson also filed her civil action in the Nineteenth (19th) Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on October 11, 2011. On November 16, 2011, Defendant Dr. Miracles removed this case to federal court pursuant to 28 U.S.C. § 1332, asserting complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000.00.

Shortly thereafter, both actions were consolidated by the Court.[2] (Rec. Doc. 6).

In their petitions filed in state court, both Plaintiffs claim that they purchased and used hair products manufactured and distributed by Defendants.[3] Both Plaintiffs claim that a short time after using the subject hair products, in compliance with the supplied instructions, each of them suffered

---

[2]The Court notes that Civil Action No. 12-0327, *Lillie Dunn v. Dr. Miracles, Inc.*, was consolidated with the Turner and Wilson Cases on August 2, 2012. (Rec. Doc. 55). Civil Action No. 12-0327 has since been dismissed without prejudice. (*See* Rec. Doc. 149).

[3]The state court petitions also name Raani Corporation as a Defendant involved in the manufacturing and/or distribution of the subject hair products. Because the Court is dismissing this action in its entirety, on a finding that Plaintiffs have failed to provide evidence supporting causation, the Court does not reach a determination of liability between the various Defendants.

head and scalp burns in addition to significant thinning and loss of hair.

On October 9, 2012, Defendants Dr. Miracles and Twin City Fire Insurance Company ("Twin City") filed a motion for summary judgment seeking dismissal of all of Plaintiff Dorothy Wilson's claims against them. (Rec. Doc. 99) Defendants' core argument in this motion was that Plaintiff Wilson could not establish causation; *i.e.*, that a hair product manufactured or distributed by Dr. Miracles caused the injuries she alleged. Plaintiff Wilson had not obtained medical treatment nor sought a medical consultation for her alleged injuries at the time this motion was filed. On October 30, 2012, Plaintiff Wilson filed a motion to continue the submission date of Defendants' motion for summary judgment arguing that she needed an additional ninety (90) days to conduct discovery as to the ingredients of the subject hair products "given the material issues of fact as to the unreasonably dangerous design and manufacture of these products." (Rec. Doc. 102-2 at 3).

On November 8, 2012, the Court held a status conference wherein it discussed the pending motion for summary judgment (Rec. Doc. 99). After the parties apprised the Court as to the status of the litigation, the Court dismissed Defendants' motion without prejudice and ordered that all Plaintiffs produce medical reports to Defendants no later than December 15, 2012. (Rec. Doc. 107).

On January 15, 2013, Dr. Miracles and Twin City filed their <u>Re-Urged Motion for Summary Judgment Dismissing All Claims Brought Against Defendants, Dr. Miracles, Inc., and Twin City Fire Insurance Company</u> (Rec. Doc. 132) in the Wilson Case, setting this motion for submission on February 13, 2013. An opposition to this motion and a reply to the opposition were filed thereafter. (Rec. Doc. Nos. 147 and 150).

On March 8, 2013, Dr. Miracles and Twin City filed a <u>Motion for Summary Judgment Dismissing All Claims Brought Against Defendants, Dr. Miracles, Inc., and Twin City Fire Insurance Company</u> (Rec. Doc. No. 154) in the Turner Case, setting this motion for submission on March 27,

2013. An opposition to this motion and a supplemental opposition[4] to both motions were filed thereafter. (Rec. Doc. Nos. 159 and 169).

In the instant motions, Defendants maintain that Plaintiffs cannot establish causation. Defendants assert that Plaintiffs have been unable to link any alleged injury to the subject hair products[5] allegedly used by the Plaintiffs. Accordingly, Defendants assert that they are entitled to summary judgment as a matter of law due to a complete failure of proof concerning an essential element of Plaintiffs' cases. For the following reasons, both motions are GRANTED.

II.     **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56(a). "Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A fact is

---

[4]Plaintiffs argue in their supplemental opposition, that because Judge Walter in a companion Middle District case, Civil Action No. 12-0117, *Julia Samuels v. Dr. Miracles, Inc., et al.*, denied a motion for summary judgment based upon "the same evidence presented in the instant cases, . . . contrary results will unnecessarily complicate all pending litigation." The Court does not agree. Judge Walter made no finding on the merits of the underlying dispute in the companion case that would have any bearing on the instant cases. The entirety of Judge Walter's Order reads: "Before the Court is a Motion for Summary Judgment [Doc. 53] filed on behalf of Defendant Raani Corporation. Upon due consideration, the Court finds that genuine issues of material fact remain. Defendant Raani Corporation's motion [Doc. 53] is hereby DENIED."

[5] "Dr. Miracle's Temple & Nape Gro Balm" is the subject hair product in the Wilson Case; "Dr. Miracle's Anti-Breakage Creme" is the subject hair product in the Turner Case.

4

"material" if its resolution in favor of one party might affect the outcome of the action under governing law. *Anderson*, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Sedgwick James*, 276 F.3d at 759 (citing *Anderson*, 477 U.S. at 248). No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. *National Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir.1994).

To withstand a properly supported motion for summary judgment, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–23 (1986)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

### III.  LAW AND ANALYSIS

<u>Wilson Case, Civil Action No. 11-0781</u>

Defendants argue that Plaintiff Wilson's claims must be dismissed because she has failed to provide any evidence, other than her own unsubstantiated allegations, that she has suffered an injury, much less that this injury was caused by her use of Defendants' product. After a thorough review of the record, the Court agrees.

Plaintiff Wilson alleged claims arising under Louisiana Civil Code Article 2317 *et seq.*, and the Louisiana Products Liability Act ("LPLA")–Louisiana Revised Statute 9:2800.51 *et seq*.

"La. C.C. Arts. 2315 and 2316 are the codal foundation for delictual liability for negligence in Louisiana. La. C.C. Arts. 2317 and 2317.1 define the basis for delictual liability for defective things." *Gailey v. Barnett*, 106 So.3d 625, 628 (La.App. 4 Cir., 2012). La. C.C. Art. 2317 states that: "We are

responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." La. C.C. Art. 2317. In 1996, the Louisiana legislature enacted La. C.C. Art. 2317.1 which reads:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

La. C.C. Art. 2317.1. The addition of La. C.C. Art. 2317.1 effectively turned a prior strict liability standard into a negligence standard. *Reitzell v. Pecanland Mall Associates, Ltd.*, 852 So.2d 1229 (La.App. 2 Cir.,2003).

In negligence cases, Louisiana courts have adopted a duty-risk analysis to aid in determining whether liability attaches. *Pinsonneault v. Merch. & Farmers Bank & Trust Co.*, 816 So.2d 270, 275-76 (La. 2002). Accordingly, to succeed on her Louisiana Civil Code claim, Plaintiff Wilson must establish the following: (1) Duty: that the defendant had a duty to conform its conduct to a specific standard of care; (2) Breach: that the defendant failed to conform its conduct to the appropriate standard of care; (3) Cause-in-Fact: that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) Scope of liability/protection: that the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) Damages: actual damages. *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632-33 (La. 2006); *see also Brewer v. J.B. Hunt Transport, Inc.*, 35 So.3d 230 (La. 2010) ("Louisiana courts have adopted a duty-risk analysis in determining whether liability exists under the facts of a particular case").

As noted above, Plaintiff Wilson also sued Defendants under the LPLA. To succeed on her products liability claim under the LPLA, Plaintiff Wilson must establish: (1) that the defendant is a manufacturer of the product; (2) that her damage, or injury, was proximately caused by a

characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that her damage, or injury, arose from a reasonably anticipated use of the product. *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 260-61 (5th Cir.2002).

Plaintiff Wilson claims that she purchased a hair product[6] on October 15, 2010, at a local Dollar Store with cash. (Rec. Doc. 132-4 at 15, 29). Plaintiff Wilson admits to having no receipt evidencing this sale, no remaining product, and none of the packaging sold with the product. (Rec. Doc. 132-4 at 15, 24, 29). Further, Plaintiff Wilson has provided no evidence, other than her own subjective claims, to support that she actually suffered an injury after using the subject hair product. (Rec. Doc. 132-4 at 3-4, 8, 10-13). Although Plaintiff Wilson claimed to have suffered head and scalp burns in addition to thinning and loss of hair in her original petition, she later testified in deposition that she never sought medical attention for these injuries. (Rec. Doc. 132-4 at 3-4).

Defendants Dr. Miracles and Twin City move for summary judgment arguing that Plaintiff "Dorothy Wilson, is unable to prove one or more essential elements of her claims[,]" (Rec. Doc. 132 at 1), "especially causation." (Rec. Doc. 132-3 at 1). Defendants argue that, although Plaintiff Wilson claims to have suffered an increase of hair loss after using the subject hair product, Plaintiff Wilson "has no proof of causation. She has received no medical treatment or evaluation, necessary for proving causation, regardless of any purported defect or condition of the product." (*Id.* at 2). Further, Defendants argue that Plaintiff Wilson has admitted that she has no proof that she used the subject hair product. (*Id.* at 4).

Plaintiff Wilson argues that causation can be established through the expert opinion of Dr.

---

[6]The Court notes that Plaintiff Wilson, through several attempts, was unable to accurately describe the packaging, color, or label of the allegedly defective hair product. (Rec. Doc. 132-4 at 13-26).

7

James O'Donnell[7] who has opined that "'the mislabeling, adulteration and overpromotion (sic) of the Dr. Miracles products are proximate causes of the permanent hair loss and scalp scarring of the complainants." (Rec. Doc. 147 at 5). Dr. O'Donnell however, never treated nor consulted Plaintiff Wilson regarding her specific claims of injury. Further, Dr. O'Donnell never reviewed any medical report of Plaintiff Wilson's alleged injuries. Dr. O'Donnell merely supplied an opinion based upon his review of a chemical engineering report produced for Plaintiffs by Nicholas P. Cherimisinoff, Ph.D.;[8] the deposition transcript and medical records of Dermatologist Jordan Whatley, M.D., produced in the course of Dr. Whatley's treatment of patient Julia Samuels;[9] and "[e]xtensive literature on hair straighteners and menthol chemistry, medicinal uses, FDA Warnings, and dermal toxicology." Even when viewed in the light most favorable to her, based on this record, the Court finds that Plaintiff Wilson will not be able to prove causation at trial.

Under either claim of relief asserted by Plaintiff Wilson, she was required, at a minimum, to present evidence establishing that there is at least a factual dispute as to whether she was injured and that this injury, or damage, was caused by a defect in the Defendants' hair product or the related negligence of the Defendants. Putting aside the dispute between the various Defendants as to which one of them actually manufactured the subject hair product, Plaintiff has failed to establish that she was injured, much less that her injury was caused by Defendants' hair product or negligence.

---

[7]The Court notes that Dr. O'Donnell is not an M.D. nor a Ph.D. Dr. O'Donnell holds a doctorate degree in pharmacy. (Rec. Doc. 147-3 at 3).

[8]To his credit, Dr. Cheremisinoff provides the following disclaimer at the outset of his chemical engineering expert report: "I do not offer any opinions as to whether or not the Dr. Miracles products have caused direct harm to the Plaintiffs. Such opinions may only be rendered by a qualified medical expert, a field for which I have neither adequate education nor experience in." (Rec. Doc. 147-2 at 4).

[9]The Court notes that Ms. Samuels is represented by the same counsel and is involved in a companion Middle District case, Civil Action No. 12-0117, *Julia Samuels v. Dr. Miracles, Inc., et al.*

Accordingly, the Court grants Defendants' motion for summary judgment; Plaintiff Wilson's claims against all Defendants are dismissed with prejudice.

Turner Case, Civil Action No. 11-0779

Defendants argue that Plaintiff Turner's claims must also be dismissed because she has failed to provide any evidence, other than her own unsubstantiated allegations, that she has suffered an injury, much less that this injury was caused by her use of Defendants' product. After a thorough review of the record, the Court agrees.

In her petition for damages, Plaintiff Turner also brought claims under Louisiana Civil Code Article 2317 *et seq.*, and Louisiana Revised Statute 9:2800.51 *et seq.* As discussed *supra*, under either of Plaintiff Turner's claims, causation stands as a threshold issue. Although an elementary requirement, Plaintiff Turner has failed to present sufficient evidence that she will be able to prove this element at trial; accordingly, Plaintiff Turner likewise fails to withstand the motion for summary judgment filed against her.

Defendants point out that Plaintiff Turner has no sales receipt evidencing purchase of the subject hair product, could not remember where she purchased the product, and has since thrown away the unused portion of the product. (Rec. Doc. 154-1 at 3-4). Additionally, Plaintiff Turner admits that she has received no medical treatment or evaluation necessary for proving causation, and that she has only suffered hair loss (despite contradictory allegations of scalp and head burns in her petition for damages) that may not have been caused by her use of Defendants' hair product. (Rec. Doc. 152-2 at 19).

Despite these admissions, in response to the instant motion, Plaintiff Turner argues that the Court should apply the doctrine of *res ipsa loquitur* which she contends "[t]orpedos" the pending

9

motion for summary judgment. (Rec. Doc. 159 at 2-3). Plaintiff Turner argues that "[g]iven Ms. Turner's age, the rapid onset of her premature baldness is more probably (sic) than not attributable to the Dr. Miracle's products. . . ." (*Id.* at 2). Plaintiff Turner's confidence is misplaced.

As recognized by the Louisiana Court of Appeal, First Circuit, in a very similar case, the doctrine of *res ipsa loquitur* is merely a rule of circumstantial evidence whereby a defendant's negligence can be inferred where the facts indicate that negligence on the part of the defendant is the most probable cause of the plaintiff's injuries. *Spurlock v. Cosmair, Inc.*, 509 So.2d 826 (La. App. 1 Cir. 1987). Here however, Plaintiff Turner has failed to establish that she was injured, much less that this injury was, more likely than not, caused by a defect in the Defendants' hair product or the related negligence of the Defendants. As Defendants argue, "[a]ny number of causes, environmental, physiological, allergic, and [a] myriad [of] other known reasons for hair loss, from vitamin deficiencies to hair styling practices of many black females, could have caused some hair loss. . . ." (Rec. Doc. 154-1).

For Plaintiff Turner to argue that it is more likely than not that her alleged, and unsubstantiated, injuries were caused by her use of the subject hair product, without presenting any evidence that she was injured much less that this injury was caused by the subject hair product other than an inapposite expert opinion,[10] simply does not pass muster. Accordingly, the Court grants Defendants' motion for summary judgment; Plaintiff Turner's claims against all Defendants are dismissed with prejudice.

The Court afforded Plaintiffs ample opportunity to support their claims. Despite this, neither Plaintiff presented any evidence establishing that they will be able to prove causation at trial. As this

---

[10]The Court notes that Plaintiff Turner also references the expert report of Dr. O'Donnell in support of her argument that she will be able to meet the burden of proving causation at trial. For the reasons outlined *supra*, Dr. O'Donnell's opinion as to causation is not convincing.

is a fundamental element that must be proven in every claim presented, the Court finds Plaintiffs' conclusory allegations entitling them to relief unavailing.

## IV.    CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the Re-Urged Motion for Summary Judgment Dismissing All Claims Brought Against Defendants, Dr. Miracles, Inc., and Twin City Fire Insurance Company (Rec. Doc. 132), filed by Defendants Dr. Miracles, Inc. and Twin City Fire Insurance Company in Civil Action No. 11-0781, *Dorothy Wilson v. Dr. Miracles, Inc.*, is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment Dismissing All Claims Brought Against Defendants, Dr. Miracles, Inc. And Twin City Fire Insurance Company (Rec. Doc. 154), filed by Defendants Dr. Miracles, Inc. and Twin City Fire Insurance Company in Civil Action No. 11-0779, *Amy Turner v. Dr. Miracles, Inc.*, is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Motion to Adopt in Part and Opposition in Part to Motion for Summary Judgment filed by Dr. Miracles Inc. and Twin City Fire Insurance Company (Rec. Doc. Nos. 143 and 148), filed by Defendants Raani Corporation and the Cincinnati Specialty Underwriters Insurance Company in Civil Action No. 11-0781, *Dorothy Wilson v. Dr. Miracles, Inc.*, is hereby **GRANTED** to the extent that Defendants Raani Corporation and the Cincinnati Specialty Underwriters Insurance Company move the Court to dismiss Plaintiff Wilson's claims against them;

**IT IS FURTHER ORDERED** that the Motion to Adopt in Part and Opposition in Part to Motion for Summary Judgment filed by Dr. Miracles Inc. and Twin City Fire Insurance Company (Rec. Doc. Nos. 157 and 166), filed by Defendants Raani Corporation and the Cincinnati Specialty Underwriters Insurance Company in Civil Action No. 11-0779, *Amy Turner v. Dr. Miracles, Inc.*, is

hereby **GRANTED** to the extent that Defendants Raani Corporation and the Cincinnati Specialty Underwriters Insurance Company move the Court to dismiss Plaintiff Turner's claims against them;

**IT IS FURTHER ORDERED** that the <u>Motion to Adopt in Part Motion[s] for Summary Judgment Filed by Defendants Dr. Miracles Inc., and Twin City Fire Insurance Company</u> (Rec. Doc. Nos. 162 and 167), filed by Defendant BMC 1092, Inc. is hereby **GRANTED** to the extent that Defendant BMC 1092, Inc. moves the Court to dismiss Plaintiffs' claims against them.

All claims are **DISMISSED with prejudice**.

This 26th day of April, 2013.

_____
Judge Jay C. Zainey
United States District Court